late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**BAO DI LIU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Nos. 03–4357–ag(L), 03–41143–ag(Con).

United States Court of Appeals, Second Circuit.

June 21, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

William J. Leone, United States Attorney for the District of Colorado, Jerry N. Jones, Assistant United States Attorney, Denver, CO, for Respondent.

Present: WILFRED FEINBERG, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Bao Di Liu, a native and citizen of the People's Republic of China, petitions for review of a BIA decision affirming the decision of Immigration Judge ("IJ") Noel Ferris denying his applications for asylum and withholding of removal, and the BIA decision denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found Liu not credible in part because his second addendum to his asylum application, which he submitted during the proceedings before the IJ, failed to mention several alleged events about which he testified. Specifically, the IJ noted Liu's testimony that, after he confronted several cadres about his sterilization, the cadres responded by threatening to fine him and by tying him up and threatening to send him to the "upper level" of the Public Security Bureau, and that they released him only when his mother intervened and begged that he be let go. The IJ also noted Liu's testimony that a friend forewarned him that the officials sought to arrest him, and that after he went into hiding, the cadres repeatedly visited his wife at the couple's home for four to five years, looking to find and arrest him, and that they are still seeking him. Notwithstanding this testimony, as the IJ correctly noted, Liu failed to mention any of these incidents in his second addendum.

Unlike his unsworn asylum application, which was allegedly prepared by a "travel agent" almost a year before his merits hearing, Liu's second addendum was prepared and filed with the assistance of his counsel during the course of the IJ proceedings. Furthermore, Liu explained in his second addendum that he was presenting the addendum because the "asylum application which was prepared and filed on my behalf by the travel agency did not fully state my reasons for seeking asylum," whereas this addendum "fully and correctly state[d] why [he was] seeking political asylum." Given this claim of completeness and accuracy of the second addendum, and considering that the incidents Liu omitted from that document are material to his claim of persecution and his reason for leaving China, the IJ's adverse credibility determination was supported by substantial evidence. *See Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296 n. 7 (2d Cir.2006) (holding that where the petitioner "purported to provide an exhaustive account of the grounds for his claim of asylum that included no reference to his detention and beating, this account of persecution was inconsistent with his later testimony before the IJ"). Moreover, the IJ considered and reasonably dismissed Liu's various explanations for failing to mention the details listed above in his second addendum.

The IJ also found Liu incredible because he failed to corroborate any elements of his claim by providing an affidavit or letter

from his wife, his mother, or other family members who were knowledgeable about the events constituting his claim, and because he failed to provide the alleged sterilization certificate that he claimed his wife had in her possession. The IJ noted that Liu's wife had sent, through a friend, documents that Liu's counsel had requested, and that Liu was in contact with his wife. Considering that Liu presented no other proof that he was forcibly sterilized, or that the other incidents making up his claim actually took place, the IJ did not err in expecting a letter or affidavit from Liu's wife, with whom he was in telephone contact and who was knowledgeable about the alleged incidents making up Liu's claim. The IJ reasonably dismissed Liu's explanation for failing to provide such documentation—namely, "[t]hat's my own experience, that's what had happened to me." Likewise, the IJ did not err in expecting a copy of Liu's alleged sterilization certificate, considering the centrality of the purported sterilization to his claim, and given that Liu testified that his wife had the certificate in her possession and could send it to him if he asked her to do so, as she previously had done with other documents in support of his claim. The IJ also reasonably dismissed Liu's explanation for not providing the alleged sterilization certificate—namely, that he believed that an assessment from a doctor in the United States would be sufficient. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006); *Zhou Yun Zhang,* 386 F.3d at 78.

Inasmuch as the IJ failed to evaluate Liu's explanations for not mentioning in his asylum application—which was neither signed by the preparer nor sworn to by Liu before an immigration official—that he was allegedly sterilized by government officials, the IJ erred in basing her adverse credibility determination in part on that omission. *See Zhi Wei Pang v. Bureau of Citizenship and Immigration Servs.,* 448 F.3d 102, 107–08 (2d Cir.2006). However, the IJ's adverse credibility determination is also based on non-erroneous findings that alone are sufficient for us to uphold her decision because we can confidently predict the same outcome even absent the flaws identified. *See Xiao Ji Chen,* 434 F.3d at 159–65.

Even though Liu did not exhaust his withholding of removal claim before the BIA, the BIA considered and decided that claim. *See Xian Tuan Ye,* 446 F.3d at 296–97 (stating that the Court has jurisdiction to review a claim that was not argued before the BIA if the BIA nonetheless addressed it); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994). However, because the only evidence of a threat of future persecution to Liu depended upon his credibility, the adverse credibility determination in this case necessarily precludes success not only on Liu's claim of a well-founded fear of persecution, but also on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

The Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34;

*Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

■ The BIA did not abuse its discretion in denying Liu's motion to reopen. The BIA reasonably found that Liu "offered no explanation [pursuant to 8 C.F.R. § 1003.2] that would lead [the BIA] to conclude that the additional evidence presented with his motion was not available and could not have been discovered or presented at the hearing below," and Liu failed to state any grounds that would warrant a reopening *sua sponte.* In his motion Liu did not mention the relevance of the evidence he submitted with the motion, or explain why that evidence was previously unavailable and could not have been discovered or presented at his merits hearing. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 48 (2d Cir. 2005) (holding that because petitioner "made no effort to demonstrate that the affidavits and additional documentary evidence she submitted in support of her motion to reopen met [the] requirements [under 8 C.F.R. § 1003.2(c)(1)], the BIA was not obligated to consider them"). Furthermore, this Court lacks jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen. *See Ali v. Gonzales,* 448 F.3d 515 (2d Cir.2006) (holding that a decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary and, therefore, beyond the Court's review—*i.e.,* the Court lacks jurisdiction to review the BIA's decision not to reopen).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).